IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA ELROY SMITH and WILLIAM MATTHEWS,    Plaintiffs | : : : : | No. 4:22cv1396<br><br>(Judge Munley) |
| v. | : : | (Magistrate Judge Bloom) |
| | : : | |
| JOHN D. DECKER, JESSICA WILLIAMS, ROBERT NORTON, BRIAN J. TUPPER, STEFANIE SALAVANTIS, STACEY MILLER; KEVIN RANSOM, MARK ROCKOVICH, PENNSYLVANIA STATE POLICE, COUNTY OF LUZERNE, LUZERNE COUNTY PRISON, and LUZERNE COUNTY DISTRICT ATTORNEY'S OFFICE,    Defendants | : : : : : : : : : : : | |

## **MEMORANDUM**

Before the court are four (4) reports and recommendations ("R&Rs") from United States Magistrate Judge Daryl F. Bloom in this action filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). Plaintiffs Dana Elroy Smith and William Matthews have filed a general objection to one R&R applicable to only one grouping of defendants. No objections were filed to the other R&Rs. All four R&Rs are now ripe for disposition.

## Background

This action arises out of criminal charges filed against plaintiffs that were later dismissed.[1] In December 2019, Defendants Decker, Williams, and Norton, as members of the Pennsylvania State Police ("PSP"), brought charges against the two plaintiffs for solicitation to commit criminal homicide and criminal conspiracy. (Doc. 51, Amended Complaint, ¶¶ 13-14). At the time of his arrest, an unidentified state trooper searched Plaintiff Smith's home and removed a coin collection and other valuables not specified in the search warrant. (Id. ¶ 38, 48).

Plaintiff Smith was arrested and jailed at the Luzerne County Correctional Facility, where he was allegedly assaulted, threatened, and mistreated by the other inmates and guards. (Id. ¶ 17). Plaintiff Matthews, already incarcerated at SCI-Dallas, was transferred to the Restrictive Housing Unit ("RHU"), by Defendants Ransom and Miller, the superintendent and deputy superintendent of the prison. (Id. ¶¶ 2, 31).

Defendants Stefanie Salavantis and the Luzerne County District Attorney's Office prosecuted the cases, and Magisterial District Court Judge Brian J. Tupper presided over the preliminary hearing stage of the case. (Id. ¶ 19, 24). Plaintiffs

---

[1] These brief background facts are derived from plaintiff's amended complaint. At this stage of the proceedings, the court must accept all factual allegations in the complaint as true. Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

allege that the district attorney's office requested at least four continuances of the preliminary hearing and repeatedly requested that Plaintiff Smith be denied bail in the interim. (Id. ¶ 24). Judge Tupper granted several continuances and continued to maintain bail conditions that kept Smith in jail until September 2020 when Judge Tupper dismissed the charges against Smith and Matthews for lack of evidence. (Id. ¶¶ 16-17). Prior to dismissing the charges, Judge Tupper also ordered that Matthews be released from the RHU at SCI-Dallas in February 2020. (Id. ¶ 30).

Plaintiffs allege that the state police and prosecution knew that "no actual witness was available to testify." (Id. ¶ 15, 21). Each time the matter was scheduled for a preliminary hearing, the district attorney's office failed to provide a witness and would request a continuance. (Id. ¶ 21).

After being jailed for nine months awaiting the preliminary hearing that never moved forward, Plaintiff Smith alleges he suffered a serious scalp condition, stress, weight gain, and lost business opportunities as a self-employed gem cutter. (Id. ¶¶ 57-58). Plaintiff Matthews alleges he suffered damages from the mistreatment of guards and staff at SCI-Dallas while in the RHU. (Id. ¶ 59).

Plaintiffs initiated this action *pro se* on September 8, 2022. (Doc. 1). Plaintiffs' amended complaint, filed by counsel, asserts claims against the various defendants for alleged violations of their civil rights from the filing of the

3

homicide solicitation and conspiracy charges to the time the charges were dismissed. Plaintiffs seek monetary relief from all defendants.

Thereafter, nearly all the named defendants filed motions to dismiss the amended complaint. Magistrate Judge Bloom recommends that their motions to dismiss be granted. (Docs. 93-94, 96-97). Plaintiffs did not file objections to the R&Rs recommending that claims against Defendants Rockovich and Wilk (Doc. 93), Defendant Tupper (Doc. 94), and Defendants Salavantis and Luzerne County (Doc. 97) be dismissed. After a careful review, the court finds neither clear error on the face of the record nor a manifest injustice, and therefore, the court will accept these R&Rs and adopt them in their entirety.[2] The magistrate judge determined that the claims against these defendants failed as a matter of law. Accordingly, plaintiffs' claims against Defendants Rockovich, Wilk, Tupper, Salavantis, and Luzerne County will be dismissed with prejudice.[3]

---

[2] In deciding whether to adopt reports and recommendations when no timely objections are filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

[3] On October 4, 2023, Magistrate Judge Joseph F. Saporito, Jr. issued a show cause order as to why Defendants Luzerne County Prison and Luzerne County District Attorney's Office should not be dismissed for failure to timely effect service upon them pursuant to Federal Rule of Civil Procedure 4(m). Plaintiffs failed to respond. These defendants are derivative entities of Luzerne County and this ruling also applies to the subunits named in plaintiffs' amended complaint that were not served. See Patrick v. Luzerne Cty. Corr. Facility W. Law Library, 3:23-CV-1230, 2023 WL 7336510, at *3 (M.D. Pa. Nov. 7, 2023).

Regarding the remaining R&R, (Doc. 96), Magistrate Judge Bloom recommends that plaintiffs' claims against Defendants Miller and Ransom (the SCI-Dallas defendants) be dismissed. Plaintiffs do not object to their dismissal. (See Doc. 98). Likewise, after review of the section of the R&R addressing plaintiffs' claims against Defendants Miller and Ransom, the court finds no clear error nor a manifest injustice and will accept this section of the R&R in its entirety. The magistrate judge also determined that the claims against these defendants failed as a matter of law. Accordingly, plaintiffs' claims against Defendants Miller and Ransom will be dismissed with prejudice.

Remaining for disposition are plaintiffs' objections to the R&R concerning their Section 1983 claims against the Defendants Decker, Williams, and Norton, and PSP (the state police defendants), which Magistrate Judge Bloom suggests should be dismissed. (Doc. 96, p. 7-9, p. 12-15).

**Jurisdiction**

As the case is brought pursuant to Section 1983, the court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Analysis**

As an initial matter, plaintiffs' objections lack specific reference to the magistrate judge's findings in the R&R. For example, the magistrate judge determined that plaintiffs waived any argument regarding their Fourth Amendment claims against Decker, Williams, and Norton by not responding in their brief in opposition. (Doc. 96 at 8). Magistrate Judge Bloom also concluded that plaintiffs' Eighth Amendment claim against the individual troopers should be dismissed because they were not responsible for setting plaintiffs' bail. (Id. at 9). Moreover, the magistrate judge determined that Defendant PSP is immune from suit under the Eleventh Amendment. (Id. at 13-14). In response, plaintiffs merely assert that the facts of the amended complaint give rise to Section 1983 claims against Defendant PSP and Defendants Decker, Williams, and Norton for violations of their constitutional rights. (Doc. 98).

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir.1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Providing a complete *de novo* determination where only a general objection to an R&R is offered, however, "would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). The court will thus limit its review to two overarching considerations: 1) whether plaintiffs can proceed with their claims against Defendant PSP and Defendants Decker, Williams, and Norton in their official capacities considering the sovereign immunity afforded by the Eleventh Amendment; and 2) whether plaintiffs' amended complaint states a claim against Defendants Decker, Williams, and Norton for claims levelled in their individual capacities.

### 1. Sovereign Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. CONST. amend. XI. Eleventh Amendment protections also extend to state agencies and officials of those agencies in their official capacities. See Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009); Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990). Thus, because PSP is a state agency, PSP and its employees, to the extent that they are sued in their official capacity, enjoy Eleventh Amendment

7

protections. See Atkin v. Johnson, 432 F. App'x 47, 48 (3d Cir. 2011) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).

This immunity is not absolute. Three exceptions to sovereign immunity exist: (1) abrogation by an act of Congress; (2) waiver by state consent to suit; (3) suits against individual state officials for prospective relief to remedy an ongoing violation. M.A. ex rel. E.S. v. State–Operated Sch. Dist., 344 F.3d 335, 344–45 (3d Cir. 2003) (citing MCI Telecomm Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001)).

After review, plaintiffs' Section 1983 claims do not fit within these exceptions. Congress has not abrogated states' sovereign immunity by enacting Section 1983 and neither states nor employees acting in their official capacities are recognized as "persons" under that statute. See Will 491 U.S. at 66, 71. Pennsylvania has also expressly invoked its sovereign immunity under the Eleventh Amendment by statute. 42 PA. CONS. STAT. § 8521(b). Additionally, plaintiffs' amended complaint cannot be construed to seek prospective relief to remedy ongoing violations by the individual defendants since plaintiffs seek money damages for past alleged wrongs. (Doc. 51, *ad damnum* clause). As such, the court finds that Defendant PSP is entitled to sovereign immunity protection under the Eleventh Amendment and the amended complaint will be dismissed as to this defendant.

Furthermore, a review of the amended complaint relative to Defendants Decker, Williams, and Norton reflects that plaintiffs do not distinguish whether these defendants are sued in their official or individual capacities. These defendants are identified as "Pennsylvania State Trooper[s], who [are] currently or had been working with the organized task force." (Id. ¶¶ 3-5, see also ¶ 34 ("Under [PSP], there is an organized crime task force which was developed wherein Defendants Decker, Williams, and Norton were all employed.")). These defendants brought criminal charges against plaintiffs as "three members of the Pennsylvania State Police." (Id. ¶ 14).

The amended complaint, filed by counsel, does not spell out separate causes of action against each defendant and does not distinguish any of the claims against Defendants Decker, Williams, and Norton versus the claims against Defendant PSP. (See ¶ 36, ("Defendant [PSP] failed to supervise Troopers Decker, Williams, and Norton and their failure to properly supervise said Troopers allowed them to violate the civil rights of both of the Plaintiffs by prosecuting, and the[n] continuing to prosecute, a cause knowing that they had no viable witness available to testify."), ¶ 37 ("Defendant [PSP] failed to train Troopers Decker, Williams, and Norton, and other troopers, regarding falsification of evidence, exceeding the scope of searches, and presenting false testimony."). Additionally, the amended complaint includes one prayer for relief for thirteen

(13) different defendants: "financial damages against the above-captioned Defendants in excess of $100,000 for the continued violations of their due process rights, their right against cruel and unusual punishment, their right to a speedy trial, and other violations of their civil rights according to 42 U.S.A. § 1983 [sic]." (Id., *ad damnum* clause). Based on the styling of the amended complaint, plaintiffs do not indicate whether they are seeking money damages from Defendants Decker, Williams, and Norton directly or from Defendant PSP. Absent any clarifying language, the claims against Defendants Decker, Williams, and Norton are thus inextricably connected with plaintiffs' claims against Defendant PSP. (Id. ¶¶ 34-37). In light of the above, the court finds that Defendants Decker, Williams, and Norton are entitled to sovereign immunity protection under the Eleventh Amendment to the extent they are sued in their official capacities.

### 2. Claims Against Defendants Decker, Williams, and Norton Individually

As noted above, the amended complaint does not distinguish whether Defendants Decker, Williams, and Norton are sued in their individual capacities. Pleadings, however, "must be construed so as to do justice." FED. R. CIV. P. 8(e). The court will next consider whether to grant plaintiffs leave to file a second amended complaint against Defendants Decker, Williams, and Norton in their individual capacities. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108

(3d Cir. 2002)(instructing that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile).

Plaintiffs allege that Defendants Decker, Williams, and Norton violated their Fourth and Eighth Amendment rights and their due process rights. (Doc. 51 ¶ 18).[4] Magistrate Judge Bloom appropriately concluded that plaintiffs failed to address the merits of these defendants' arguments with respect to the Fourth Amendment false arrest, false imprisonment, and malicious prosecution claims and found waiver of any argument against this portion of the motion to dismiss. (Doc. 96 at 8). Plaintiffs do not specifically address this recommendation in their objection. (See Doc. 98). The court thus finds that it would be inequitable for plaintiffs to proceed where the record shows that plaintiffs abandoned their Fourth Amendment claims against these defendants.

Turning next to the alleged Eighth Amendment violations, the amended complaint fails to state a claim and amendment would be futile. Plaintiffs allege that Magisterial District Judge Tupper set bail and failed to lower it while the criminal charges were at the preliminary hearing phase. (Doc. 51 ¶ 21).

---

[4] Plaintiffs vaguely assert that their due process rights were violated in their amended complaint, their brief in opposition to the motion to dismiss, and in their general objection to the R&R. (See Doc. 51, ¶ 18, Doc. 77, Doc. 98). Plaintiffs, however, fail to elaborate on this claim against Defendants Decker, Williams, and Norton other than for the alleged violations of their Fourth and Eighth Amendment rights.

Furthermore, plaintiffs have not alleged any facts from which it could be inferred, absent pure speculation, that these defendants had any influence whatsoever over Judge Tupper's decision to set bail as he did.  Rather, plaintiffs attribute any influence on the bail decision to other defendants, namely Judge Tupper and the district attorney's office. (Id. ¶ 24).  Accordingly, plaintiffs' Eighth Amendment claims against Defendants Decker, Williams, and Norton fall short and will be legally insufficient with any amendment.

Thus, having had "two chances to tell [their] story," including in the amended complaint filed by counsel, "giving [plaintiffs] further leave to amend would be futile." See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019).  The motion to dismiss will be granted and the claims against Defendants Decker, Williams, and Norton will be dismissed with prejudice.

**Conclusion**

For the reasons set forth above, plaintiffs' general objection (Doc. 98) to the R&R regarding Defendant PSP and Defendants Decker, Williams, and Norton's motion to dismiss will be overruled.  The four R&Rs (Docs. 93-94, 96-97) will be adopted in their entireties.  All pending motions to dismiss filed by the various defendants, (Docs. 60-61, 64, 86), will be granted and plaintiffs' amended

complaint will be dismissed with prejudice. The Clerk of Court will be directed to close this case. An appropriate order follows.

Date: 4/9/24

JUDGE JULIA K. MUNLEY
United States District Court